UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE GARCIA, an incapacitated person,<br><br>                    Plaintiff,<br><br>          v.<br><br>GRANDVIEW SCHOOL DISTRICT NO. 200, and their Board of Trustees; Russell K. ("Kevin") Chase, individually and as a School District employee; John W. Mathis, individually and as a School District employee; Rick Ramos, individually and as a School District employee; Barbara Merz, individually and as a School District employee; Thora Michels, individually and as a School District employee; Irma Gonzalez-Ramos, individually and as a School District employee; Diann Zavala, individually and as a School District employee,<br><br>                    Defendants. | No.  CV-10-3118-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.    <u>INTRODUCTION</u>

This suit arises from an October 13, 2010 Order by the Administrative Law Judge (ALJ) finding that the Grandview School District (District) denied Plaintiff Jose Garcia a free appropriate public education (FAPE) and denied Ms. Maria Sanchez, Plaintiff's mother, access to Mr. Garcia's Individualized Education Plan (IEP) meetings.

ORDER - 1

1    Plaintiff's original Complaint asserts only two claims for

2 relief: one claim under the Individuals with Disabilities Education

3 Act (IDEA), and one claim under Article IX § 1 of the Washington

4 Constitution.  Plaintiff's amended complaint abandons the IDEA claim

5 and asserts the following eleven claims: discrimination under the

6 Americans with Disabilities Act (ADA); disability-based harassment

7 under the ADA; discrimination under Section 504 of the Rehabilitation

8 Act; a § 1983 claim for violation of the Fourteenth Amendment right to

9 equal protection; claims under Article I § 12 and Article IX § 1 of

10 the Washington Constitution; a state law negligence claim; a § 1983

11 claim for violation of the Fourteenth Amendment rights to procedural

12 and substantive due process; a claim under Title VI of the Civil

13 Rights Act of 1964; a discrimination claim under the Washington Law

14 Against Discrimination (WLAD); and a state law claim for negligent

15 hiring, training, and supervision.  *See* ECF No. 76.

16    This matter comes before the Court on Plaintiff's Motion for

17 Partial Summary Judgment, ECF No. 97.  Plaintiff seeks partial summary

18 judgment giving preclusive effect to the May 24, 2013 Memorandum

19 Decision and the August 30, 2013 Findings of Fact and Conclusions of

20 Law and Order entered in *Grandview School District No. 200 v. Maria*

21 *Sanchez and Jose Garcia*, No. 11-2-00084-1, Yakima County Superior

22 Court, arguing the District should be collaterally estopped from

23 asserting it provided Mr. Garcia with a FAPE under the IDEA.

24    For the reasons set forth below, the Court finds that no genuine

25 issues of material fact preclude partial summary judgment and for the

26 following reasons grants Plaintiff's motion.

## II.   BACKGROUND[1]

On January 15, 2010, Ms. Sanchez filed a Due Process Hearing Request with the Office of Superintendent of Public Instruction (OSPI) on behalf of her son, Mr. Garcia.  The Complaint was forwarded to the Office of Administrative Hearings for assignment to an ALJ.  On June 11, 2010, the ALJ found that Ms. Sanchez was not bound by the two-year statute of limitations set forth in the IDEA because the District withheld information required to be provided under the IDEA.  During the summer of 2010, the ALJ heard an additional sixteen days of testimony and admitted several hundred pages of documents.  The ALJ issued a decision setting forth its findings of fact and conclusions of law, on October 13, 2010, finding the District failed to provide Mr. Garcia a FAPE in accordance with the IDEA and State law.  As a remedy for these violations, the ALJ ordered Ms. Sanchez to choose the services of either Dr. Marlowe or Ms. White to evaluate Mr. Garcia; Ms. Sanchez would be reimbursed for the costs.  The District was also ordered to contract with Dr. Marlowe and Ms. White to "design and implement" an appropriate program for Mr. Garcia within sixty days of the ALJ's October 13, 2010 Order, with the District bearing all costs associated with that plan.

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, and exhibits, in the light most favorable to the party opposing the motion – here, the Defendant.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

ORDER – 3

1    After the sixty days passed on December 13, 2010, Plaintiffs

2    filed their Complaint before this Court for declaratory judgment,

3    injunctive relief, and damages on December 16, 2010, alleging that the

4    District failed to develop and implement an appropriate educational

5    program as required by the IDEA, 20 U.S.C. § 1401 et seq., the

6    Rehabilitation Act, 29 U.S.C. § 794, and the ADA, 42 U.S.C. 1210 et

7    seq., and sought immediate enforcement of the October 13, 2010

8    Administrative Order.

9    On January 11, 2011, the District filed a petition with the

10   Superior Court of Yakima County requesting judicial review of the

11   ALJ's October 13, 2010 decision.    In the petition the District

12   asserted that the ALJ erred in three ways: 1) in applying an exception

13   to the 2-year statute of limitations, 2) in determining that it failed

14   to provide a FAPE under 20 U.S.C. § 1400 and the IDEA, and 3) in

15   granting the remedy of a 6-year private placement compensatory

16   education.    The Yakima County Superior Court, after considering the

17   7,000 page administrative record and holding a three-day hearing

18   during which the court allowed both parties to submit the testimony of

19   additional witnesses including the testimony of Dr. Carl Field and

20   Deborah Hill, Ph.D., issued a Memorandum Decision on May 24, 2013, and

21   a Findings of Fact and Conclusions of Law and Order on August 30,

22   2013.    The Yakima County Superior Court found that the ALJ correctly

23   applied an exception to the two-year statute of limitations and that

24   the District failed to provide a FAPE under 20 U.S.C. § 1400 and the

25   IDEA.    The court further found that the ALJ's six-year award was

26

ORDER - 4

punitive and went beyond the IDEA-authorized remedy and reduced the private placement compensatory education to four years.

### III. <u>DISCUSSION</u>

**A.   Legal Standards**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 255 (1986).

//

**B.    Analysis**

Plaintiff seeks partial summary judgment on the issue of collateral estoppel.  Plaintiff asserts that the decision of the Yakima County Superior Court should be given preclusive effect under the doctrine of collateral estoppel.  Specifically, Plaintiff argues that the Superior Court's finding that the District failed to provide a FAPE under the IDEA should preclude the District from asserting before this Court that it provided Mr. Garcia with a FAPE under the IDEA.

A federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law.  *McInnes v. California*, 943 F.2d 1088, 1092-93 (9th Cir. 1991). *See also W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1525 (9th Cir. 1990) ("[A] federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.") Accordingly, the Court looks to Washington's law of issue preclusion.

Under Washington law, issue preclusion or collateral estoppel requires the party seeking preclusion to establish that:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 152 Wn.2d 299, 307 (2004).  Collateral estoppel may be applied to preclude only issues

ORDER – 6

1  that were litigated and finally determined in the earlier proceeding,

2  and the party against whom it is asserted must have had a full and

3  fair opportunity to litigate the issue. *Id*. at 306.

4      First, Defendant asserts the issues before this Court (ADA and

5  negligence claims) are different than the IDEA claim presented to the

6  Superior Court, including different standards of proof.  However, to

7  the extent that Mr. Garcia brings before this Court on partial summary

8  judgment the sole issue of "estopping the District from asserting or

9  claiming in this case that it provide Jose Garcia with a FAPE under

10 the IDEA," ECF No. 101 at 5, the identical issue of providing a FAPE

11 was presented and decided in the earlier proceeding. *See* ECF No. 97-3

12 at 1.  Defendants are correct that the Superior Court did not address

13 ADA or negligence issues, but those are not the issues for which

14 Plaintiff seeks collateral estoppel.  Accordingly, as to the issue for

15 which collateral estoppel is sought the earlier proceeding was

16 presented with the identical issue, to wit: whether the District

17 provided Mr. Garcia with a FAPE under the IDEA.

18     Second, as is clear from the Superior Court's finding that

19 "[t]he District has denied the Student a free appropriate public

20 education," ECF No. 97-4 at 37, the earlier proceeding reached the

21 merits of the IDEA claim.

22     As to the third requirement, there is no dispute that Plaintiff

23 seeks collateral estoppel against the same party, the District, that

24 the Superior Court ruled against in the earlier proceeding.

25 //

26 /

1    Finally, as to injustice, the Court finds the District had a

2  full and fair hearing before both the ALJ and the Superior Court.  The

3  ALJ conducted an extensive sixteen-day hearing and received thousands

4  of pages of documents.  The District then received a three-day hearing

5  before the Superior Court, including the presentation of additional

6  evidence, including the expert testimony of Dr. Carl Field and Deborah

7  Hill, Ph.D.  Thus, the District received two separate hearings on the

8  issue of providing a FAPE under the IDEA, so no injustice will occur

9  if the District is prevented from again litigating the issue before

10 this Court.

11    Accordingly, the Court finds Plaintiff has sufficiently

12 established that under Washington law, collateral estoppel applies to

13 the issue of whether the District provided Mr. Garcia with a FAPE

14 under the IDEA.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 //

26 /

ORDER - 8

1

### IV.    <u>CONCLUSION</u>

2     The issue of whether the District provided a FAPE under the IDEA

3 was fully litigated before the Yakima County Superior Court, and the

4 Superior Court's finding that the District failed to provide a FAPE

5 under the IDEA would be recognized by other Washington courts.

6 Accordingly, the District is precluded under the doctrine of

7 collateral estoppel from asserting before this Court that the District

8 provided a FAPE to Mr. Garcia under the IDEA.

9     Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Motion for

10 Partial Summary Judgment, **ECF No. 97**, is **GRANTED**.

11     **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this

12 Order and provide copies to all counsel.

13     **DATED** this   3rd   day of December 2013.

14

15              s/ Edward F. Shea
              EDWARD F. SHEA
         Senior United States District Judge

16

17

18

19

20

21

22

23

24

25

26