UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE GARCIA, an incapacitated person,<br><br>                      Plaintiff,<br><br>        v.<br><br>GRANDVIEW SCHOOL DISTRICT NO. 200, and their Board of Trustees; Russell K. ("Kevin") Chase, individually and as a School District employee; John W. Mathis, individually and as a School District employee; Rick Ramos, individually and as a School District employee; Barbara Merz, individually and as a School District employee; Thora Michels, individually and as a School District employee; Irma Gonzalez-Ramos, individually and as a School District employee; Diann Zavala, individually and as a School District employee,<br><br>                      Defendants. | No.  CV-10-3118-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF JOSE GARCIA** |

     Plaintiff Jose Garcia seeks a protective order for his upcoming deposition.  ECF No. 105.  Defendants oppose the motion.  After reviewing the record and relevant authority, the Court finds a limited protective order is necessary under Federal Rule of Civil Procedure 26(c) given Plaintiff's limited language, development, and communication abilities.  The Court limits the individuals who can attend the deposition and the length of the deposition.  However, the

ORDER - 1

Court denies Plaintiff's request that counsel be permitted broad leave to make objections. As is the usual practice, Plaintiff's counsel and treatment providers may discuss with Plaintiff about the nature of a deposition and appropriately prepare him for the deposition. Yet, during the deposition, Plaintiff's counsel may object only to the form of the question; otherwise, Defendants will not be able to have the usual opportunity to evaluate the witness or prepare for trial.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protective Order Regarding the Deposition of Jose Garcia, **ECF No. 105,** is **GRANTED IN PART AND DENIED IN PART**.
2. Jose Garcia's deposition shall be held pursuant to the following structure and limitations:
    a. only one attorney for each side can attend;
    b. an American sign language and Spanish language interpreter can attend;
    c. Plaintiff may choose to have either the psychologist or neuro-psychologist attend, but not both, and Defendants' neuro-psychologist may not attend, as there is nothing in the record from that person demonstrating the importance of his/her attendance;
    d. Plaintiff's counsel may object only to the form of the question; and
    e. the deposition may span two days, but each day is limited to three 50-minute sessions with each session

ORDER - 2

separated by at least a 15-minute break or, if the parties agree, a longer break.[1]

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   22nd   day of April 2014.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

---

[1] If Defendants need additional deposition time, Defendants can continue the deposition and move for additional time and attempt to show good cause for the additional deposition time.

Q:\EFS\Civil\2010\3118.protect.order.plaintiff.depo.lc1.docx

ORDER - 3